IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RODRÍGUEZ-NAVARRO,<br><br>    **Plaintiff,**<br><br>              v.<br><br>AMERICAN AIRLINES, INC., *et al.*,<br><br>    **Defendants.** | CIVIL NO. 15-1900 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Plaintiff Rafael Rodríguez-Navarro ("Rodríguez" or "Plaintiff"), a pilot, filed the present suit alleging that Defendants American Airlines Group, Inc., ("AAG") and American Airlines, Inc., ("AA") (collectively "Defendants"), discriminated against him because of his age and because of his sick leave from work in violation of the American Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the Family Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601, correspondingly. Docket No. 4 at 2-3.

Before this Court is Defendants' Motion to Dismiss on Improper Venue and/or Motion to Transfer Venue (the "motion"), Docket No. 17; Plaintiff's opposition to the motion, Docket No. 19; and Defendants' reply. Docket No. 21. For the reasons stated below, Defendants' motion is GRANTED and the case is transferred to the Northern District of Texas, Fort Worth division.

ANALYSIS

I. Transfer of Venue

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009). The First Circuit has considered the following multi-factor test to be relevant when considering a motion for transfer of venue: 1) the convenience of the parties and the witnesses, 2) the availability of documents, 3) the possibility of consolidation, and 4) the order in which the district court obtained jurisdiction.[1] *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). There is, however, a strong presumption of plaintiff's choice of forum. *Id.* Thus, the party seeking transfer bears the burden of rebutting that presumption. *Id.*

Defendants argue that convenience of the witnesses, the interest of justice and the bulk of the evidence shows that the transfer of this case to the Northern District of Texas is necessary. Docket No. 17 at 8-13. The Court agrees.

A. Northern District of Texas is a Proper Venue

The first step in the transfer of venue analysis is determining if the action could have originally been brought in the district to which transfer is sought. The proper venue for a suit is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b)(1), "[a] civil

---

[1] The Court will focus on the first two factors because those are the factors that are relevant for the disposition of Defendants' motion.

**CIVIL NO.** 15-1900 (JAG)                                                                                                                  3

action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, Defendants state, and Plaintiff does not dispute, that Defendants "reside" in Texas. Docket No. 17 at 10. Thus, since Defendants reside in Texas, the action could have been originally brought in the Northern District of Texas.[2][3]

  B. **Convenience of the Parties and Witnesses**

The Court now turns to the multi-factor test. As to the first factor, Defendants have demonstrated that "for the convenience of the parties and witnesses, in the interest of justice," the transfer to the Northern District of Texas of this case is necessary.[4] Plaintiff is a resident of Puerto Rico. Docket No. 4. In turn, AA is a corporation with its principal place of business in Fort Worth, Texas. Docket No. 17 at 10. Defendants assert that all liability witnesses, or witnesses that had to do with the decision to terminate Plaintiff, are located either in Texas or

---

[2] In the alternative, the Court finds that the Northern District of Texas would have personal jurisdiction over Defendants and thus, would be the proper venue. Courts look to Section 1391(c)(2) to determine a corporation's residence for venue purposes. Section 1391(c)(2) states in relevant part that a corporation ". . . shall be deemed to reside if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." Personal jurisdiction may be either "general" or "specific." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002). The Supreme Court has stated that general jurisdiction over a corporation exists where the corporation is "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, AA is headquartered in Texas. S*ee Kery v. Am. Airlines, Inc.*, 931 F. Supp. 947, 955 (D.P.R. 1995). Thus, the Court concludes that Defendants are at home in Texas. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (noting that "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction. (quotation omitted)).

[3] The Court notes that Texas is a multi-district jurisdiction and under 28 U.S. Code § 1391(d), the Northern District of Texas, Fort Worth division would the proper venue for this suit if brought in Texas.

[4] While the Court considers all the factors in this test, the most important one is the convenience to witnesses. *Rojas-Buscaglia v. Taburno*, No. 09-2196 JAG, 2010 WL 3304299, at *3 (D.P.R. Aug. 18, 2010) (quoting *Sousa v. TD Banknorth Ins. Agency*, 429 F. Supp. 2d 454, 457 (D.N.H. 2006) (citation omitted)).

**CIVIL NO.** 15-1900 (JAG)                                                                                                  4

outside Puerto Rico, and as such it would inconvenience them to have to travel to Puerto Rico. *Id.*[5] The Court agrees.

Other than the fact that Plaintiff resides in Puerto Rico, and was examined there by his physicians, there is no connection between the alleged events in support of Plaintiff's liability theory and Puerto Rico. All of the relevant events occurred in Texas or outside of Puerto Rico. Docket No. 17. The vast majority of relevant witnesses are mostly located in Texas. *Id.* at 10. Accordingly it makes sense for arguably one person to travel to Texas than to make all of Defendants' witnesses to travel to Puerto Rico.[6]

Defendants argue that it is no inconvenience for an airline to fly their witnesses from Texas to Puerto Rico. Docket No. 19 at 7. Defendants confound the purpose of the factor test. The test does not shift the burden of inconveniencing witnesses to the party with economic means. The fact that Defendants are in the airline business and may have the economic means to have their witnesses travel is not a consideration that carries weight in the First Circuit. *Harlow v. Children's Hosp.*, 432 F.3d 50, 68 (1st Cir. 2005) ("Even under the doctrines of forum non conveniens and change of venue, it is not clear that sheer disparity in wealth is legally relevant, without proof of hardship." (citing *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 17 (1st Cir. 2000))).

Likewise, the fact that Plaintiff's physician may have to travel does not weigh in favor of Plaintiff. At this stage, Defendants are not disputing that Plaintiff had a condition. Indeed, Plaintiff's medical condition can be stipulated to, striking the need for the physician to travel.

---

[5] Defendants included Statements under Penalty of Perjury by Mark Boots, Docket no. 17-1, and Rhonda Nicol-Perin, Docket No. 17-2, stating that the actions that culminated in Plaintiffs termination arose in Texas, and that people that have knowledge relevant to the matters in this case reside in Texas.

[6] Defendants show that at least 4 people, who reside in Texas, will have to testify at trial. Docket Nos. 17-1, 17-2.

**CIVIL NO.** 15-1900 (JAG)                                                                 5

Except for himself, Plaintiff has not shown that any other liability witness would be inconvenienced by traveling to Texas. *See Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356-1357 (N.D. Georgia 2004) (when considering a transfer of venue, the key witnesses are those which have information regarding the liability of defendant); *Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) (liability witnesses accorded more weight than damages witnesses).

Accordingly, the convenience of the parties and of the witnesses weighs heavily in favor of a transfer to the Northern District of Texas.

### C. Availability of Documents

The Court now turns to the second private interest factor: availability of documents. Defendants argue that all documentary evidence is kept in Texas, and as such this factor should militate in favor of transfer. Docket No. 17 at 10. The Court disagrees. The Court finds the District Court of Massachusetts' expansion on this factor persuasive.

> Since most records and documents now can be transported easily or exists in miniaturized or electronic form . . . their location is entitled to little weight. This is particularly true with the development of photo-duplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies.

*Boateng v. Gen., Dynamics Corp.*, 460 F. Supp. 2d 270, 276 (D. Mass. 2006). Thus, although this factor slightly weighs in favor of Defendants because the documents and evidence are still in Texas, the Court accords it little to no weight. Accordingly, because the party seeking transfer has to rebut the presumption that the venue chosen by the opposing party is inconvenient, this factor does not tilt the balance to either side.

CIVIL NO. 15-1900 (JAG)                                                                                                6

### D. Public Interest Factors

The analysis does not stop here. Courts must consider public, systemic interests in deciding whether a case should move. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). For example, courts may consider "familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." *See Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208 (D. Me. 2011) (quoting Charles Alan Wright *et al.*, 15 Federal Practice & Procedure § 3847 (Westlaw 2013)). In this case, Plaintiff alleges that Defendants terminated him in violation of the ADEA and FMLA, both Federal claims arising under Federal statutes. Thus, there is no interest in the District of Puerto Rico in adjudicating Puerto Rico law.[7]

As a result, the public interest test, and the factors contained therein, do not weigh in favor or against either party.

### CONCLUSION

Accordingly, after carefully weighing all the factors relevant to this case, the balance strongly tips in favor of Defendants, and thus the case must be transferred to the Northern District of Texas, Fort Worth division.[8]

IT IS SO ORDERED.

---

[7] Plaintiff claims that Defendants violated Puerto Rico's Law 80, Law 115, Law 100, and Articles 1802 and 1803 of the Puerto Rico Civil Code. Docket No. 4 at 4. However, taking into account that the events that gave rise to Plaintiff's termination did not happen in Puerto Rico and that Puerto Rico law does not apply extraterritorially, the Court does not consider the state law claims when weighing the public interest factors. *See Capezano v. ARCOR SAIC*, 743 F. Supp. 2d 71, 76 (D.P.R. 2010) (noting that "the general policy arising from the applicable case law suggests that Puerto Rico's employment laws do not apply to employees that work outside of Puerto Rico for a non Puerto Rico based company.").

[8] The third and fourth factors sit evenly stale in the balance and do not weight for or against either party as the parties have not shown that there are pending actions in other courts.

**CIVIL NO.** 15-1900 (JAG)                                                    7

In San Juan, Puerto Rico, this Wednesday, August 03, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
